UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS PENSION FUND, BUILDING
& PUBLIC WORKS LABORERS VACATION FUND,
WISCONSIN LABORERS APPRENTICESHIP &
TRAINING FUND, and JOHN J. SCHMITT
(in his capacity as Trustee),**

**WISCONSIN LABORERS DISTRICT COUNCIL**

**WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND,**

Plaintiffs,

v.                                          Case No.   21-cv-556

**GROUND EFFECTS OF WISCONSIN, INC.,**

Defendant.

---

### COMPLAINT

---

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., and as a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdictional and Venue

1. Jurisdiction of this Court upon Defendant Ground Effects of Wisconsin, Inc. (hereinafter "Ground Effects") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit, as well as untimely submission of,

contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, LMRA § 301.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the some of the Plaintiffs are administered at their offices located in Dane County, Wisconsin.

### Parties

3. Plaintiffs Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, Building & Public Works Laborers Vacation Fund, and Wisconsin Laborers Apprenticeship & Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the Trustees, participants, and beneficiaries of said Plans. Said Plans maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

4. Plaintiff John J. Schmitt is a trustee and beneficiary of the Wisconsin Laborers Health Fund and as such has standing to be a Plaintiff in this action. Mr. Schmitt maintains an office at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

5. Plaintiff Wisconsin Laborers District Council is a labor organization within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

6. Plaintiffs Wisconsin Laborers-Employers Cooperation and Education Trust Fund ("LECET Fund"), Labor Management Cooperation Trust Fund, and Industry Advancement Program Fund are employee benefit plans governed by a board of trustees consisting of union and

labor employee appointees as provided by LMRA § 302(c)(5), whose purpose is to address areas of common concern to labor and management in the construction industry. Said Plan maintains an office at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

7. Ground Effects of Wisconsin, Inc. is a Wisconsin corporation, engaged in business, with principal offices located at 2170 Highway 44, Oshkosh, WI 54904. Its registered agent for service of process is Charlene Boelter, 222 South Sawyer Street, P.O. Box, Oshkosh, Wisconsin 54902.

8. Upon information and belief, Charlene Boelter is an adult resident of the State of Wisconsin, with a residence located at 222 South Sawyer Street, Oshkosh, Wisconsin 54902.

### Facts

9. Ground Effects is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

10. For all times relevant, Ground Effects was and remains a party to and agreed to abide by the terms of a collective bargaining agreement ("Labor Agreement") between itself and the Wisconsin Laborers District Council.

11. The Labor Agreement described herein contains provisions whereby Ground Effects agreed to make contributions and payments to the Plaintiff Funds by the fifteenth day of the month after the one during which the work was performed.

12. By execution of said Labor Agreement, Ground Effects adopted the trust agreements and amendments thereof; which establish and govern the Plaintiff Fund and are necessary for their administration, and designated as their representatives on the Board of Trustees such Trustees as have been named and appointed pursuant to said trust agreements, together with

their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority, such as but not limited to the adoption of policies relevant to this lawsuit, including but not limited to the Policy on Employer Accounts.

13. Ground Effects has failed to remit to the Plaintiff Funds all contributions required by its collective bargaining agreement with the Wisconsin Laborers District Council.

14. Even when Ground Effects has remitted contributions to the Plaintiff Funds, it has often failed to do so by the fifteenth day of the month following the one during which the work was performed; so that, pursuant to the Policy on Employer Accounts that is binding upon Ground Effects, it owes to the Plaintiff Funds interest of 1.5% per month and liquidated damages of 20% on all untimely remitted contributions.

15. Upon information and belief, Charlene Boelter is the only individual with authority to decide whether Ground Effects submits contributions to the Wisconsin Laborers District Council.

**Claim One Against Ground Effects of Wisconsin, Inc.**
**Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

16. As and for a first claim for relief against Ground Effects, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 15 above and incorporate the same as though fully set forth herein word for word.

17. Ground Effects has failed to remit to the Plaintiff Funds all contributions required by its collective bargaining agreement with the Wisconsin Laborers District Council, in violation of 29 U.S.C. §1145.

18. Therefore, on all contributions that remain unpaid from August 1, 2015 through the date of the filing of this Complaint, the Plaintiffs are entitled to recover from Ground Effects all

owed contributions; as well as their market value attorneys' fees of collection, interest at 1.5% per month, and liquidated damages of 20% on all owed contributions pursuant to 29 U.S.C. §1132(g), the Policy on Employer Accounts, and applicable collective bargaining agreements.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Plaintiffs and against Ground Effects:

    A. For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Funds for the period August 1, 2015 to the present;

    B. For unpaid contributions, interest, and liquidated damages owed to the Plaintiff Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

## Claim Two Against Ground Effects of Wisconsin, Inc.
## Violation of LMRA § 301 (29 USC § 185)

19. As for a second claim for relief against Ground Effects, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 18 above and incorporate same as though fully set forth herein word for word.

20. For purposes of this claim (Claim Two), the LECET Fund is hereinafter referred to as the "Fund" and the Wisconsin Laborers District Council is hereafter referred to as the "Union."

21. Due demand has been made upon Ground Effects for payment of all contributions, interest, and dues owed to the Fund and Union, but said Defendant has refused to pay them, and amounts remain due and owing.

22. Because, as the Fund and Union are informed and believe, Ground Effects has not paid timely and prompt contributions on behalf of union members, the Fund's income is reduced, and its beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches. Consequently, LMRA has been violated, and the Fund is entitled to all of the remedies provided by LMRA.

**WHEREFORE**, the Plaintiffs demand the following relief:

1. Judgment on behalf of the Fund and Union against Ground Effects for all contributions and working dues owed to them for the time period after August 1, 2015, plus all appropriate interest and liquidated damages;

2. Actual attorney fees and costs incurred by the Plaintiffs in prosecuting Counts I and II of the Complaint;

3. For such other, further, or different relief as the Court deems just and proper.

Dated this 3rd day of September 2021.

/s/Alex J. Sterling
Alex J. Sterling (SBN 1107931)
Christopher J. Ahrens (SBN 1043237)
THE PREVIANT LAW FIRM, S.C.
Attorney for Plaintiffs
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: ajs@previant.com