IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS PENSION FUND,
BUILDING & PUBLIC WORKS LABORERS
VACATION FUND, WISCONSIN LABORERS
APPRENTICESHIP & TRAINING FUND, JOHN
SCHMITT (in his capacity as trustee),
WISCONSIN LABORERS DISTRICT COUNCIL, and
WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND,

                Plaintiffs,        OPINION AND ORDER

   v.

                                     21-cv-556-wmc

GROUND EFFECTS OF WISCONSIN, INC.,

                Defendant.

---

In this Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), action, plaintiffs a union, its funds and their trustee, seek payment by defendant Ground Effects of Wisconsin, Inc., of various contributions as required by collective bargaining agreements, trust plans and trust agreements. Defendant failed to answer or otherwise appear and default was entered against it on October 15, 2021. (Dkt. #7.) Plaintiffs then moved for default judgment, and the court scheduled it for a telephonic hearing on January 12, 2022.

Two of defendant's officers were allowed to participate on their own behalf in the default judgment hearing, during which they denied receiving the default judgment materials, and in particular, denied learning that plaintiffs were seeking over $350,000 in damages until the day before the hearing. Rather, both individuals claimed to be under

the mistaken impression that a maximum of $9,000 was at issue. As a result, the court continued the hearing, directed the corporate defendant to obtain counsel and enter an appearance, and requested additional briefing from the parties. (Dkt. #15.)

The court has now reviewed those additional submissions. As for plaintiffs' submission attempting to demonstrate defendant's knowledge of the amount at issue in this case before January 11, 2022 (dkt. #19), the court concludes that while defendant *should* have been on notice that plaintiffs were seeking a damage amount well above an anticipated $9,000, there is no basis to find that defendant knew or should have known that the actual amount sought was anywhere near the $352,396.96 requested in plaintiffs' motion for default judgment.

As for defendant's submission, while defendant did not file a separate, formal motion, its newly appearing counsel at least alludes to setting aside the default itself. The court sees no basis for granting such relief. While plaintiffs sent the default judgment materials to an address at which defendant does not receive mail, defendant's officers did not dispute at the January 12, 2022, hearing, that they had received the summons and complaint directed to defendant on or about September 14, 2021. (Dkt. #4.) Defendant then made a calculated decision not to secure counsel and defend against this lawsuit based on its mistaken, and unfortunate, belief that the amount at stake was approximately $9,000. This mistaken belief, however, does not constitute good cause to set aside default under Federal Rule of Civil Procedure 55(c).

Still, in its opposition to default *judgment*, defendant now raises a credible challenge to plaintiffs' request for damages -- namely, that plaintiffs' theory is premised on an

2

erroneous interpretation of the law, requiring contributions for employees' work on non-DOT projects if any employee worked on a DOT project during the relevant period, citing a recent opinion from this court in support. (Def.'s Opp'n (dkt. #27) 2-3 (citing *Wis. Laborers Health Fund v. Bob Ewers Contracting, LLC*, No. 16-CV-611-JDP, 2018 WL 4005736(W.D. Wis. Aug. 22, 2018)).) Plaintiffs did not include any allegations in their complaint about defendant specifically owing contributions based on this theory, and as such, the court need not consider whether it must accept these allegations as true in light of defendant's default. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Regardless, the court finds that defendant's defense concerns the amount of damages, not liability.

For these reasons, the court will direct plaintiffs to respond to defendant's argument that defendant is not obligated to provide contributions for employees' hours not spent on DOT projects or other covered projects and specifically address Judge Peterson's decision in *Bob Ewers*. Moreover, plaintiffs are further directed to supplement their motion for default judgment by breakout of the amounts sought based on amounts due for hours its employees actually spent on DOT projects and additional amounts due under a theory that defendant is liable for hours its employees spent on non-DOT projects.

In light of the need for this additional information, the court will postpone the default judgment hearing.

3

ORDER

IT IS ORDERED that:

1) Plaintiffs' additional briefing and supplement to their motion for default judgment hearing as set forth above is due on or before February 11, 2022.

2) Defendant may have until February 18, 2022, to respond in writing with any additional evidence or legal authority.

3) The default judgment hearing is rescheduled for February 25, 2022, at 1:00 p.m., to be held via Zoom videoconference.

Entered this 3rd day of February 2022.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge